UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SYED KAMAL,                                  :
              Plaintiff,               :
                                             :
v.                                           :  **MEMORANDUM OPINION**
                                             :  **AND ORDER**
G E R INDUSTRIES, INC.; GER                  :
ARCHITECTURAL MANUFACTURING                  :  20 CV 5671 (VB)
INCORPORATED; ROBERT-GEORGE                  :
REALTY CORP.; and GEORGE ROACH,              :
              Defendants.              :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff commenced this action against defendants G E R Industries, Inc. ("G E R Industries"), GER Architectural Manufacturing Incorporated, Robert-George Realty Corp., and George Roach, alleging age discrimination claims pursuant to the Age Discrimination in Employment Act and the New York State Human Rights Law.

Now pending is plaintiff's motion for leave to file an amended complaint to add GER Vietnam Co., Ltd. ("GER Vietnam") as a defendant. (Doc. #45).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

**DISCUSSION**

I.    Legal Standard

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This permissive standard is consistent with [a] strong preference for resolving disputes on the merits." Williams v. Citigroup Inc., 659 F.3d 208, 212–13 (2d Cir. 2011).[1] A court "may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

1

purposes or is made in bad faith, (3) would prejudice the opposing party[,] or (4) would be futile." Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010). "The rule in this circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "Although Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule." FTD Corp. v. Banker's Tr. Co., 954 F. Supp. 106, 109 (S.D.N.Y. 1997).

In addition, Rule 16(b)(4) applies when a party moves to amend a pleading after a court-ordered deadline to do so has expired. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The Second Circuit has explained "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). "[A] finding of 'good cause' depends on the diligence of the moving party." Id.

II.    Application

Defendants argue plaintiff should not be granted leave to amend because Rule 16(b)(4)'s good cause standard has not been met, and because they will be unduly prejudiced if leave is granted.

The Court disagrees.

As an initial matter, plaintiff has established good cause to amend the complaint after expiration of the court-ordered deadline because plaintiff claims he recently discovered GER Vietnam is not a part of G E R Industries as he previously believed to be the case.[2] Pursuant to

---

[2]    Plaintiff provides several reasons for his prior understanding, including that both entities are operated by the same executive team that works from New Rochelle, New York.

2

the original Civil Case Discovery Plan and Scheduling Order, plaintiff's deadline to file amended pleadings or join additional parties was November 19, 2020. (Doc. #29). According to plaintiff, however, it was only at defendant Roach's recent deposition that plaintiff discovered defendants are treating GER Vietnam and G E R Industries as separate legal entities, which plaintiff claims is being done to limit defendants' liability in this case. Although plaintiff does not state when Roach was deposed, the parties' letters to the Court make clear that Roach was deposed sometime between March 3 and March 25, 2021. (Docs. ##37, 39, 40, 42). Plaintiff moved for leave to amend on April 14, 2021, after defendants declined to consent to plaintiff's filing of an amended complaint. Accordingly, plaintiff has proceeded in a diligent fashion and established good cause for allowing amendment after the original deadline to file an amended pleading or add a new party expired. For the same reason, the Court cannot conclude plaintiff unduly delayed in seeking leave to amend.

In addition, defendants have not established they would be unduly prejudiced if the amendment is granted. First, with respect to their argument that adding GER Vietnam as a defendant will result in additional discovery, the discovery deadline in this case is July 15, 2021. Thus, the parties have several months to conduct any additional discovery necessitated by the amendment. Moreover, plaintiff's counsel represents "[a]mple testimony" regarding GER Vietnam was already obtained from both Roach and a non-party witness, and that he does "not anticipate recalling [Roach] as a result of" the instant request for leave to amend. (Doc. #45 at ECF 3). Second, defendants argue the Court should not grant leave to amend because it does not have personal jurisdiction over GER Vietnam. However, defendants cite no authority for the proposition that because the Court <u>might</u> not have personal jurisdiction over the proposed additional party, defendants are unduly prejudiced by addition of that party.

Finally, nothing in the parties' submissions suggests the motion for leave to amend is sought for dilatory purposes or made in bad faith. Nor is plaintiff's proposed amendment futile.

**CONCLUSION**

The motion for leave to file an amended complaint is GRANTED.

Plaintiff shall separately file the amended complaint by no later than May 14, 2021.

The Clerk is instructed to terminate the letter-motion. (Doc. #45).

Dated: May 10, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge