UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SYED KAMAL,   :
             Plaintiff,   :
     :
v.   :   **MEMORANDUM OPINION**
     :   **AND ORDER**
G E R INDUSTRIES, INC.; GER   :
ARCHITECTURAL MANUFACTURING   :   20 CV 5671 (VB)
INCORPORATED; ROBERT-GEORGE   :
REALTY CORP.; GEORGE ROACH; and   :
GER VIETNAM CO., LTD.,   :
             Defendants.   :
--------------------------------------------------------------x

Briccetti, J.:

    Before the Court is defendants' motion for reconsideration (Doc. #140 (the "Reconsideration Motion")) of the Court's bench ruling issued during a conference on September 8, 2023 (the "Bench Ruling") (i) construing defendants' pre-motion conference letter dated August 29, 2023 (Doc. #134) as a motion to reopen discovery and for leave to amend defendants' answer, and (ii) denying both motions.

    For the reasons set forth below, the Reconsideration Motion is DENIED.

    The parties' familiarity with the factual and procedural background of this case is presumed.

## DISCUSSION

I.    Legal Standard

    "To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782,

1

789 (2d Cir. 1983)).¹ Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also S.D.N.Y. Local Civ. R. 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

II. Analysis

Upon due consideration of defendants' arguments in the Reconsideration Motion, the Court finds all of them to be without merit.

A. Motion to Reopen Discovery

Defendants argue the Court should reconsider its ruling denying the motion to reopen discovery because defendants were diligent in their discovery efforts, but were nonetheless unaware of any alleged accounting issues respecting GER Vietnam until employees raised them, and because defendants were unable to travel to Vietnam prior to June 2023 because of the COVID-19 pandemic.

The Court is not persuaded.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule," including a court-ordered discovery schedule, "may be modified only for good cause and with the judge's consent."

"A significant consideration" in determining whether good cause exists "is whether there has already been adequate opportunity for discovery." Bakalar v. Vavra, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011).

---

¹ Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

> Courts also consider (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

Id. A finding of good cause must also "be consistent with Rule 1's mandate to 'secure the just, speedy, and inexpensive determination of every action.'" Rubik's Brand Ltd. v. Flambeau, Inc., 329 F.R.D. 55, 58 (S.D.N.Y. 2019) (quoting Fed. R. Civ. P. 1).

Here, defendants have identified no fact or controlling law that the Court overlooked in determining defendants had failed to show they were diligent in their discovery efforts.

As defendants note in their reply, Vietnam eased international travel restrictions in March 2022, three months before the close of discovery in this case.[2] Accordingly, it is not true that defendants were "unable to travel to Vietnam earlier" than June 2023 to review the GER Vietnam accounting records. (Doc. #142 ("Reconsid. Mem.") at 5); see also Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics, 335 F.R.D. 50, 53 (S.D.N.Y. 2020) (denying motion to reopen discovery when the party could not "explain why this discovery could not have been sought prior to the end of the discovery period").

Moreover, that defendants, in 2023, were still unaware of the contents of the GER Vietnam accounting records going back to 2016 demonstrates that they failed diligently to pursue discovery materials that were foreseeably relevant to this case. Since plaintiff commenced this action in July 2020, he has claimed he had a supervisory role over the accounting function at GER Vietnam. Because defendants argue plaintiff's employment was

---

[2]  See USA Today, Vietnam Scraps Quarantine, Other Travel Restrictions for Tourists as COVID Cases Climb, https://www.usatoday.com/story/travel/news/2022/03/16/vietnam-travel-restrictions-covid-quarantine/7059362001/ (Mar. 16, 2022); see also (Doc. #146 at 4 ("The earliest Mr. Roach could have traveled to Vietnam was March 2022.")).

3

terminated for poor performance, it was foreseeable that discovery regarding the quality and accuracy of GER Vietnam's accounting records was relevant to this case, and defendants should have anticipated that. See Gem Fin. Serv., Inc. v. City of New York, 2019 WL 8014411, at *4 (E.D.N.Y. Apr. 18, 2019) (for purposes of a motion to reopen discovery, "diligence is entwined with foreseeability, because whether [the party] exercised sufficient diligence depends on whether the need [for the additional discovery] was foreseeable"); see also Bakalar v. Varva, 851 F. Supp. 2d at 493 (denying motion to reopen discovery because the alleged newly discovered evidence was "available to Defendants before fact discovery closed").

Accordingly, the motion to reconsider the Court's ruling denying defendants' motion to reopen discovery is denied.

B.   Motion for Leave to Amend

Defendants argue the Court erroneously denied their motion for leave to amend the answer to add two affirmative defenses—an "after-acquired evidence defense" and a "faithless servant doctrine" defense—and to assert a counterclaim premised on "the faithless servant doctrine," because defendants did not unduly delay seeking leave to amend and the proposed amendments are not futile. (Reconsid. Mem. at 6).

The Court disagrees.

A motion for leave to amend the pleadings "is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure." Sacerdote v. N.Y. Univ., 9 F.4th 95, 115 (2d Cir. 2021).

Rule 15(a)(2) provides the Court "should freely give leave" to amend a pleading "when justice so requires." However, if the period for amending as of right under Rule 15(a)(1) has expired, and the deadline to move to amend pleadings in a scheduling order has expired, the "liberal and permissive standard" in Rule 15(a)(2) no longer applies, and the plaintiff must show

4

"good cause" for the amendment under Rule 16(b). Sacerdote v. N.Y. Univ., 9 F.4th at 115; see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

"[A] finding of 'good cause' depends on the diligence of the moving party." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). "It is not, however, the only consideration," and "[t]he district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice" the non-moving party. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007).

In this case, the deadline to move for leave to amend was November 19, 2020. (Doc. #88 ¶ 3). Accordingly, Rule 16(b) governs defendants' motion for leave to amend.

Here, not only have defendants failed to show diligence, but the motion to amend suggests it was brought in bad faith. Therefore, defendants have not established they should be permitted to amend their answer.

Defendants have consistently argued, including on summary judgment, that plaintiff was not employed by GER Vietnam and exercised no supervisory authority over Vietnam operations. (See, e.g., Doc. #112 at ECF 17 ("[A]t no time did Plaintiff supervise any employees of GER Vietnam. GER Vietnam never exercised any form of control over Plaintiff during his employment.")). Now that the Court has denied defendants' summary judgment motion, defendants seek to assert new affirmative defenses and a counterclaim premised on the argument that plaintiff either was or should have been aware of alleged financial improprieties at GER Vietnam because of his supervisory role over the GER Vietnam accounting operations. This reversal in position at a late stage in the proceedings when convenient for defendants' legal

5

theory is indicative of bad faith.  In re Gen. Elec. Co. Sec. Litig., 2012 WL 2892376, at **3–5 (S.D.N.Y. July 12, 2012) (denying leave to amend when the moving party "made a tactical decision to pursue a particular legal theory" and "wait[ed] until after the Court's judgment to alter substantially its legal theory").

Moreover, as already discussed in connection with defendants' motion to reopen discovery, defendants did not diligently seek discovery of the evidence motivating them to seek leave to amend during the discovery period, even though they could, and should, have.  See Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (denying leave to amend under Rule 16(b) when the moving party "delayed more than one year before seeking to amend their complaint" and "when the motion [to amend] was filed, discovery had been completed and a summary judgment motion was pending").

Accordingly, the motion to reconsider the Court's ruling denying defendants' motion for leave to amend is denied.[3]

C.  The Court Appropriately Construed Defendants' Pre-Motion Letter as Motions

Defendants argue it was not appropriate for the Court to construe defendants' pre-motion conference letter as motions seeking the anticipated relief because the letter-motion and its response were brief (three pages, single spaced) and the undersigned's Individual Practices do not state that pre-motion letters can be construed as motions.

The Court disagrees.

---

[3]  Nothing in this Memorandum Opinion and Order precludes defendants from attempting to introduce the purportedly after-acquired evidence at trial.  Likewise, nothing precludes plaintiff from moving in limine to preclude any such after acquired evidence from being introduced at trial.

In this Circuit, district courts may construe a pre-motion conference letter as the motion itself "under appropriate circumstances," such as when the "parties offered detailed arguments in pre-motion letters that evidenced the clear lack of merit in [the] contemplated motion." StreetEasy, Inc. v. Chertok, 730 F. App'x 4, 6 (2d Cir. 2018); see also Int'l Code Council, Inc. v. UpCodes Inc., 43 F.4th 46, 54 (2d Cir. 2022) (collecting cases when the Circuit has affirmed "district courts' denials of non-dispositive motions based on pre-motion letters when those letters were sufficiently lengthy to address all relevant arguments and when there was a clear lack of merit to the arguments supporting the motion").  The parties did so here, as their letters set forth the relevant standards to be considered on a motion to reopen discovery and a motion for leave to amend and set forth facts and caselaw addressing the relevant factors.

In addition, defendants' argument that they "had no notice of [the] possibility" that their pre-motion conference letter could be construed as a motion reflects their unawareness of applicable Second Circuit law, not any error by the Court.  (Reconsid. Mem. at 4).

Finally, defendants have pointed to no argument, fact, or controlling precedent that was not presented to the Court or that the Court overlooked in deciding the motions on the basis of the pre-motion conference letters.  And with the benefit of the Reconsideration Motion papers, the Court has considered anew the parties' arguments, and has concluded once again that the relief sought should be denied for the reasons stated at the Bench Ruling and herein.  See StreetEasy v. Chertok, 730 F. App'x at 7 (noting the aggrieved movant "submitted a full set of motion papers" when moving for reconsideration and did not "identif[y] any additional arguments he would have pressed, or evidence he would have introduced, had he been permitted to file full motion briefs initially"); In re Best Payphones, Inc., 450 F. App'x 8, 15 (2d Cir. 2011) (noting the aggrieved movant "had the opportunity to make the arguments necessary to preserve

7

its . . . motion for appellate review" and "has not pointed to any additional argument it would have made had it filed full motion papers").

## CONCLUSION

The motion for reconsideration is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #140).

Dated: October 31, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge